1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   SAN FRANCISCO BAY AREA RAPID
    TRANSIT DISTRICT,
10                                              No. C 06-3749 JSW

11          Plaintiff,                          **NOTICE OF TENTATIVE
                                                RULINGS AND QUESTIONS**
12      v.

13  GE TRANSPORTATION SYSTEMS
    GLOBAL SIGNALING, LLC and DOE 1
14  through DOE 100, inclusive,

15          Defendants.
    _____/

16

17          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

18  NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE

    HEARING SCHEDULED ON DECEMBER 15, 2006 AT 9:00 A.M.:
19
            The Court has reviewed the parties' papers and, thus, does not wish to hear the parties
20
    reargue matters addressed in those pleadings. If the parties intend to rely on authorities not
21
    cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these
22
    authorities reasonably in advance of the hearing and to make copies available at the hearing. If
23
    the parties submit such additional authorities, they are ORDERED to submit the citations to the
24
    authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d).
25
    The parties will be given the opportunity at oral argument to explain their reliance on such
26
    authority.
27

28

*(left margin, vertical text)* **United States District Court** For the Northern District of California

The Court **RESERVES RULING** on Defendants' motion to dismiss for lack of subject matter jurisdiction, and assuming jurisdiction, the Court **tentatively DENIES** Defendants' motion to dismiss Count Four ("Termination—Contract Reimbursement") and Count Five ("Declaratory Relief") pursuant to Federal Rule of Civil Procedure 12(b)(6).

The parties shall have 20 minutes to address the following questions:

1.  If the Court dismisses Plaintiff's complaint with leave to amend instructing Plaintiff to strike or identify the "Doe" defendants, what is Defendants' position with respect to subject matter jurisdiction?

2.  Plaintiff cites several cases regarding the effect of "Doe" defendants on removal. Congress amended 28 U.S.C. § 1441 to contain a provision directing courts to disregard fictitious defendants. However, the only Ninth Circuit authority on the point of "Doe" defendants with respect to 28 U.S.C. § 1332 provides that "Doe" defendants destroy diversity jurisdiction. *Garter-Bare Co. v. Munsingwear, Inc.,* 650 F.2d 975, 981 (9th Cir. 1980). In light of the general rule in this circuit that Doe defendants destroy diversity, *Othman v. Globe Indemnity Co.,* 759 F.2d 1458, 1463 (9th Cir. 1985) *overruled on other grounds by Bryant v. Ford,* 832 F.2d 1080, 1082 (9th Cir. 1987) *superseded by statute,* Judicial Improvements and Access to Justice Act 1988, Pub. L. No.100-702, 102 Stat. 462, Section 1016, *as recognized in Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1266 (9th Cir. 1992), why should the Court extend the principle of disregarding Doe defendants for purposes of determining jurisdiction in light of Congress' failure to amend 28 U.S.C. § 1332 to direct courts to disregard fictitious defendants?

3.  Defendant contends that Count Four entitled "Termination—Contract Reimbursement" fails to state a claim because Plaintiff does not set forth a legal theory, *i.e.,* breach of contract, an accounting, etc., under which Plaintiff may be entitled to relief. (Mot. at 7-8.) However, "specific *legal theories* need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 877 (9th Cir. 2001) (emphasis added); *accord American Timber & Trading Co. v. First Nat. Bank of Oregon,* 690 F.2d 781, 786 (9th Cir.1982). What deficiencies in Plaintiff's factual averments prevent Defendant from receiving notice that Plaintiff may be entitled to some relief under the termination provision of the contract?

4.  Do the parties agree that the Declaratory Judgment Act governs the issue of whether the Court should entertain Plaintiff's claim for declaratory relief? *See Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1222-24 (9th Cir. 1998) (analyzing a district court's discretion to entertain a claim for declaratory relief in a diversity action under the Declaratory Judgment Act); *see also Allstate Ins. Co. v. Prasad,* 991 F.2d 669, 671 (11th Cir. 1993) (applying the Declaratory Judgment Act in a case based solely on diversity jurisdiction).

5.  Defendant admits that Plaintiff may request Declaratory Relief and other relief in the same action. (*See* Reply at 9.) At this procedural stage, why should the Court decline to entertain this cause of action in light of the fact that the Court does not have the Contract to determine whether each of the factual issues under the Declaratory Relief claim will be resolved under Plaintiff's breach of contract and specific performance claims? (*See* Am. Compl. ¶¶ 93(43), 93(44), 93(49).)

6.       Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: December 12, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3