UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>Plaintiff,<br><br>vs.<br><br>GE TRANSPORTATION SYSTEMS GLOBAL SIGNALING, LLC,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. C 06 3749 JSW<br><br>[PROPOSED] ORDER APPOINTING SPECIAL MASTER<br><br>Complaint Filed: June 13, 2006<br>Trial Date: April 13, 2009 |

Plaintiff SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("Plaintiff") and defendant GE TRANSPORTATION SYSTEMS GLOBAL SIGNALING, LLC ("GE") (collectively "the Parties") have presented the court with a stipulation regarding the appointment of a Special Master for the purpose of certain discovery matters. Good cause appearing, it is hereby ordered:

The Court appoints the Hon. William L. Bettinelli (Ret.) to be Special Master to hear and rule upon all discovery disputes between the Parties with the exception of disputes pertaining to the Plaintiff's claim that GE is required to produce the AATC project source code and

1  information related to such code. Disputes concerning the source code and information related to it shall be litigated by motions directed to the Court.

The Special Master: (a) shall review only the pleadings of this case and those materials submitted to him by the Parties; (b) may communicate ex parte with the Court, but may not communicate ex parte with a single party except for the purpose of scheduling; (c) shall preserve all materials submitted to him by the Parties until he is instructed by the Court or by both Parties to do otherwise; (d) shall have the authority to determine the appropriate deadlines for all discovery disputes; (e) shall have the authority to regulate all proceedings and take all appropriate measures to perform fairly and efficiently his assigned duties; (f) may conduct evidentiary hearings if necessary to resolve discovery disputes and may exercise the power of the Court to compel, take and record evidence; (g) may by order impose upon a party any noncontempt sanction provided by Rule 37 or Rule 45, and may recommend a contempt sanction against a party and sanctions against a non party; and, (h) shall file every order he issues with the Court so that it may be entered by the clerk on the docket.

The Special Master's decisions will be subject to review by the Court only for clear error. F.R.Civ.P. 53(g)(3)(A). A party wishing to challenge a decision of the Special Master must file a motion to the Court within 21 days from the date the challenged order of the Special Master is rendered, which time may be extended by the Court for good cause.

The Parties will share equally the Special Master's fees and charges, according to the Parties' fee agreement with the Special Master, and will promptly pay their shares upon receipt of invoices from the Special Master.

DATED: April 24, 2007

_Jeffrey S. White_
JUDGE OF THE U.S. DISTRICT COURT

[PROPOSED] ORDER APPOINTING SPECIAL MASTER
Case No. C 06 3749 JSW
- 2 -