1  James A. Bruen (State Bar No. 43880)
   Charles M. Sink (State Bar No. 078168)
2  Carl E. Switzer (State Bar No. 211858)
   Arjun Agarwal (State Bar No. 233576)
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Attorneys for Defendant/Counterclaimant
   GE TRANSPORTATION SYSTEMS
7  GLOBAL SIGNALING, LLC

8  John W. Crowley (State Bar No. 039041)
   Robert B. Stringer (State Bar No. 056148)
9  Crowley, Stringer & Fenske LLP
   456 Montgomery Street, 17th Floor
10 San Francisco, CA  94104-1250
   Telephone:  (415) 989-1100
11 Facsimile:  (415) 421-6651
   E-mail:  jcrowley@crowleysf.com
12
   Attorneys for Plaintiff/Counterdefendant
13 SAN FRANCISCO BAY AREA RAPID
   TRANSIT DISTRICT

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

| 18 | SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | Case No. C 06-3749 JSW |
|----|---|---|
| 19 | Plaintiff, | **SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND ORDER THEREON** |
| 20 | vs. | |
| 21 | GE TRANSPORTATION SYSTEMS GLOBAL SIGNALING, LLC, | Date:       May 16, 2008<br>Time:       1:30 p.m.<br>Courtroom: 2 |
| 22 | | |
| 23 | Defendant. | |
| 24 | AND RELATED COUNTERCLAIM | |
| 25 | | |

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

SUPPLEMENTAL JOINT CMC
STATEMENT / C 06 3749 JSW

18972\1572569.2

Pursuant to Civil L.R. 16-10(d), the parties to the above-entitled action certify that they met and conferred prior to this Court's Further Case Management Conference in this action and jointly submit this Supplemental Joint Case Management Statement. The parties respectfully request the Court to issue a Supplemental Case Management Order consistent therewith.

## I.  BRIEF SUMMARY OF THE CASE[1]

This litigation arises from a contract between the San Francisco Bay Area Rapid Transit District ("BART") and GE Transportation Systems Global Signaling, LLC ("GETS") related to BART's Advanced Automatic Train Control ("AATC") project. AATC is a communications-based technology that controls the movement of trains via a network of computers and radios located on trains and along the train railway.

Central to the dispute between GETS and BART is the nature of the Contract itself:

BART contends, among other things, that it purchased from GETS (1) the design, development and implementation of an AATC enhancement integrated within BART's existing train control system and (2) the certification by GETS that the ultimate integrated system was safe and functional and that GETS failed to develop and deliver the purchased certified system.

GETS contends that (1) the Contract, consisting of the original agreement as amended by several change orders, is a "build to specification" by which BART required Harmon Industries, Inc., GETS' predecessor in interest, to implement AATC to meet BART-specified, highly detailed "technical requirements"; (2) material deficiencies in BART's technical requirements prevented completion of an AATC system that would be compatible with BART's existing equipment and train control system; and (3) BART lacked the necessary funding to correct the acknowledged problems within its technical requirements and lacked the money to modify its existing train control system to be compatible with its AATC technical requirements.

---

[1] Please refer to the parties' February 15, 2007 Joint Case Management Conference Statement for a more detailed, though still abbreviated, description of this case, including further background on the development of AATC, factual events key to the parties' dispute and disputed legal and potential dispositive issues.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

SUPPLEMENTAL JOINT CMC
STATEMENT / C 06 3749 JSW

- 2 -

18972\1572569.2

## II. SUMMARY OF PROCEDURAL BACKGROUND

Pleadings: BART filed the complaint on June 13, 2006 and, in response to GETS' July 17, 2006 Motion to Dismiss, filed an Amended Complaint on September 1, 2006. Following GETS' September 28, 2006 Motion to Dismiss BART's Amended Complaint, the parties stipulated to the withdrawal of that motion and the filing of a Second Amended Complaint. BART filed its Second Amended Complaint on December 18, 2006 and GETS filed its Answer and Counterclaim on January 17, 2006. Following BART's February 15, 2007 Rule 12 challenge to GETS' Answer and Counterclaim, GETS filed an Amended Answer and First Amended Counterclaim on April 20, 2007. BART filed its Answer to the latter on June 13, 2007.

Case Management: The Court held the Initial Case Management Conference in this matter on February 23, 2007, following which, the Court issued its February 27, 2007 Order Scheduling Trial and Pretrial Matters. Per that Order, the Court set discovery and dispositive motion deadlines based on an April 13, 2009 jury trial date. In addition, and pursuant to agreement of the parties, the Court referred the matter to private ADR, to be conducted on November 30, 2007, if possible. The Court further issued an amended Civil Minute Order on February 26, 2007, pursuant to which it ordered counsel to file a stipulation identifying a special master for discovery purposes.

## III. DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS

Trial and Pretrial Deadlines: The Court's February 27, 2007 Order Scheduling Trial and Pretrial Matters was vacated following this Court's Order granting the parties' Joint Motion for Order Modifying Pretrial and Trial Schedule on March 26, 2008. Per the Court's March 26, 2008 Order, the original discovery and dispositive motion deadlines have been modified based upon a new trial date of October 5, 2009.

Special Master: Pursuant to the parties' April 23, 2007 Stipulation For Order Appointing Special Master, the Court entered its April 24, 2007 Order Appointing Special Master, which appointed the Hon. William L. Bettinelli (Ret.) to hear and rule upon discovery disputes per the terms of that Order. The parties have conferred with the Special Master concerning general

discovery procedures in this matter and are preparing a Discovery Order that would govern the parties' discovery and discovery disputes through trial.

Written Discovery: The parties have exchanged initial disclosures pursuant to Fed.R.Civ.P. 26 and each has served multiple requests for production of documents. The parties have exchanged the majority of their respective paper documents, collectively numbering approximately 830,000 pages. The parties have jointly retained Kroll Ontrack, an electronic discovery consultant, to facilitate the recent exchange of approximately 3.5 million pages of electronically stored information.[2] Also, the parties have propounded upon each other three sets of key contention interrogatories. The parties also have employed requests for admissions to attempt to narrow some of the issues in these proceedings. The parties have agreed to mutual open extensions of time to respond to these substantial discovery requests. The parties' are currently engaged in ongoing "meet and confer" efforts regarding certain other discovery requests and if the parties cannot reach resolution they will submit their disputes to the Special Master. Finally, the parties stipulated to the entry of a protective order, adapting the Court's standard order on this subject.

Pleadings: GETS agreed to stipulate to BART's request to amend its complaint, for the purpose of stating the grounds for its claim for rescission of Change Orders 097 and 086 with greater precision. Pursuant to the parties' stipulation and this Court's Order, BART filed its Third Amended Complaint on February 29, 2008. BART has granted GETS an open extension of time to respond to the Third Amended Complaint. GETS intends on filing its Second Amended Answer and Second Amended Counterclaim shortly.

Oral Discovery: The parties are currently attempting to agree on a deposition schedule to begin substantive depositions in June 2008.

ADR: Pursuant to the Modified Pretrial and Trial Schedule, the parties have agreed to participate in a two-day mediation, planned for November 10 and 11, 2008, with Randall W. Wulff of Wulff, Quinby & Sochynsky Dispute Resolution serving as mediator.

---

[2] Discovery is further facilitated in this matter by the Court's October 16, 2007 Order Regarding Inadvertent Production of Documents and Electronically Stored Information, issued pursuant to the parties' stipulation thereon.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

SUPPLEMENTAL JOINT CMC
STATEMENT / C 06 3749 JSW

- 4 -

18972\1572569.2

IV. **FURTHER CASE MANAGEMENT**

The parties propose that a further case management conference be held on a date after the parties' mediation on November 10 and 11, 2008, convenient to the Court's schedule.

DATED: May 9, 2008                    FARELLA BRAUN + MARTEL, LLP

                                      By: _____
                                             James A. Bruen

                                      Attorneys for Defendant
                                      GE TRANSPORTATION SYSTEMS
                                      GLOBAL SIGNALLING, LLC


DATED: May 9, 2008                    CROWLEY, STRINGER & FENSKE LLP

                                      By: _____
                                             John W. Crowley

                                      Attorneys for Plaintiff
                                      SAN FRANCISCO BAY AREA RAPID
                                      TRANSIT DISTRICT


### ~~PROPOSED~~ ORDER

IT IS HEREBY ORDERED that a further case management conference be held on November _21_, 2008, at 1:30 p.m. in this Court. The case management conference set for May 16, 2008 is HEREBY VACATED.

DATED: ___May 12, 2008___            _____
                                      Hon. Jeffrey S. White
                                      United States District Court Judge

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

SUPPLEMENTAL JOINT CMC
STATEMENT / C 06 3749 JSW                - 5 -                          18972\1572569.2