IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAY AREA RAPID TRANSIT,<br><br>Plaintiff,<br><br>v.<br><br>GE TRANSPORTATION SYSTEMS GLOBAL SIGNALING LLC,<br><br>Defendant. | No. C 06-03749 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS RE MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 14, 2010 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively GRANTS** Defendant's motion for partial summary judgment and **tentatively DENIES** Plaintiff's motion for partial summary judgment.

The parties shall each have 20 minutes to address the following questions:

**GETS' Motion for Partial Summary Judgment**

1. Why doesn't the language of the Third Amended Complaint govern: "The Contract also addresses the risks inherent in all research and development projects that seek to expand existing technical knowledge, such as ... the market value of the technology if and when perfected might be less than originally hoped because of the interim development of competing technologies or other changes to the marketplace." (FAC at ¶ 28(3).) Who assumed that risk in the setting of the contract price and terms? *See, e.g. Delta Air Lines, Inc. v. Douglas Aircraft Co.*, 238 Cal. App. 2d 95, 104-05 (1965).

2. Regardless of the specific damages limitation language of the contract or its disputed applicability, how can BART seek expectation damages for the cost of a new Vehicle-Centric Communications-Based Train Control system ("VC-CBTC") when the contract only addresses the costs, plans, and specifications based upon older technology required for the Advanced Automatic Train Control system ("AATC")? There is no dispute of fact that the modern technology is better and much more expensive, although the old technology is currently in use elsewhere. There is also no dispute that the AATC technology, including the source code, could be made available to BART subject to the termination provisions of the contract.

    a. On what basis does BART contend GETS must be made to pay the increased cost of the new technology when it never contracted to build such a system?
    b. If the Court finds the exclusive remedy provision (SC P8.4.1.3) does not apply to the termination (ostensibly under P8.3), why isn't the damages calculation based on the estimated cost of the new system minus the contract price?
    c. If the Court finds the exclusive remedy provision does apply, is there a question of fact regarding whether the remedy has failed of its essential purpose?
    d. If there is an ambiguity inherent in the contract regarding whether the expense of completion is the exclusive remedy under P8.3, does the Court have to allow the jury to determine the issue by taking into account factual issues such as intent of parties (at both the initiation and termination of the contract) and custom and practice in the industry? *Southern Pac. Transp. v. Santa Fe Pac. Pipelines, Inc.,* 74 Cal. App. 4th 1232, 1241 (1999) (holding that extrinsic evidence may be offered when a contract term is ambiguous on its face, but also to expose a latent ambiguity); *see also Pacific Gas & Electric Co. v. G.W. Thomas Drayage*, 69 Cal. 2d 33, 37, 40 (1968) (California law permits introduction of parole evidence to establish contract ambiguity).

3. Is Jean-Luc Dupont offered by BART as an expert? If so, why is his disclosure not impermissibly late? If he is not offered as an expert, on what basis does Dupont estimate the cost of completion of the AATC project and on what basis is his estimate admissible? (*See* Dupont Decl., ¶ 9.)

**BART's Motion for Partial Summary Judgment**

4. BART's response to GETS's claim that the "change order exception" of Article P4.4 applies to its claims for damages is to state that the "argument is not supported by the language of the contract." (*See* Reply at 2.) How so? Is there a dispute of fact whether the parties proceeded under Article P4.4 or Article P9.6 to address the same, or similar, damages contentions? How could GETS have made its claim for damages of costs and lots profits within 48 hours of an occurrence under P9.6.1(a)?

5. How can the Court address the factually contested issue of whether BART waived the formal claims process in favor of informality and the process the parties actually engaged in to resolve their differences? *See Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 983 (1997).

6. In *People ex rel. Dep't of Parks and Recreation v. West-A-Rama, Inc.*, 35 Cal. App. 3d 786, 794 (1973), the court held that although "the filing of a claim is normally a prerequisite to the maintenance of an action for damages against a public entity, ... when the state sues on a contract, the defendant should be permitted to cross-complain for damages on the same contract without complying with the claim statutes." The *West-A-Rama* court did not make a distinction between compliance with statutory and contractual claims requirements and, instead, based its decision on fair notice and the opportunity of the governmental entity to investigate and settle without litigation. What would be the basis for such a distinction here?

7. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: May 10, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE